Frank A. Konecny (CA State Bar No. 71531)
faklaw@sbcglobal.net
Law Office of Frank A. Konecny
P.O. Box 2621
Menlo Park, CA 94026-2621
T: (415) 398-7888 / F: (650) 365-1095

Attorney for Defendant InnerWorkings, Inc.

Timothy M. Reynolds (Pro Hac Vice)
timothy.reynolds@bryancave.com
BRYAN CAVE LLP
1801 13th Street, Suite 300
Boulder, CO 80302
T: (303) 417-8510/ F: (303) 866-0200

Jonathan G. Fetterly (CA State Bar No. 228612)
jon.fetterly@bryancave.com
Louise D. Nutt (CA State Bar No. 273130)
BRYAN CAVE LLP
120 Broadway, Suite 300
Santa Monica, CA  90401-2386
T: 310-576-2100/ F: 310-576-2200

Attorneys for Defendants

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION**

| | |
|---|---|
| UPPER BRANCH PRODUCTIONS, INC., a California corporation,<br><br>            Plaintiff,<br><br>      v.<br><br>INNERWORKINGS, INC., an Illinois corporation; *et al.*<br><br>            Defendants. | Case No.: CV12-8789 MWF (RZx)<br><br>Hon. Michael W. Fitzgerald<br><br>DEFENDANT INNERWORKINGS, INC.'S ANSWER TO SECOND AMENDED COMPLAINT |

Defendant InnerWorkings, Inc. ("IWI"") hereby answers Plaintiff's Second Amended Complaint as follows.

1. The allegations of paragraphs 1 and 2 of the Second Amended Complaint contain Plaintiff's legal conclusions and therefore no response is required. To the extent a response is deemed required, the allegations of paragraphs 1 and 2 are denied.

2. IWI is without sufficient information to permit it either to admit or deny the allegations of paragraph 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, 64, 65, 66, 67, 68, 69, 70, 71, 72, 73, 75, 76, 84, 92, 93, 96, 97, 109, 110, 113, 114 of the Second Amended Complaint and, therefore, denies said allegations.

3. IWI admits the allegations of paragraph 4 of the Second Amended Complaint.

4. With respect to paragraphs 74, 94, 95, 111, 112 of the Second Amended Complaint, IWI admits that Plaintiff deposited copies of the claimed Works and copies of computer files of the artwork to accompany the claimed Works with Idea Media with the understanding that Idea Media would create duplicate copies of the claimed Works from the copies provided. IWI denies the remaining allegations of paragraphs 62, 74, 94, 95, 111, 112 of the Second Amended Complaint.

5. With respect to paragraphs 77, 78, 79, 98, 100, 115, 117 of the Second Amended Complaint, IWI admits that it received a cease and desist communication from Plaintiff in September 2012, and has complied. IWI further admits that it received email communications sent on behalf of Upper Branch in June 2010 and November 2010 and that such email communications speak for themselves. IWI denies the allegations of paragraphs 77, 78, 79, 98, 100, 115, 117 to the extent such allegations are inconsistent with the email communications. IWI is without sufficient information to permit it either to admit or deny the remaining allegations of paragraphs 77, 78, 79, 98, 100, 115, 117 and, therefore, denies said allegations.

6. With respect to paragraph 83 of the Second Amended Complaint, IWI admits that it received email communications sent on behalf of The Richard Dawkins Foundation for Reason and Science concerning ownership of the DVDs and the artwork on The Four Horsemen DVD and that such email communications speak for themselves. IWI denies the allegations of paragraph 83 to the extent such allegations are inconsistent with the email communications. IWI is without sufficient information to permit it either to admit or deny the remaining allegations of paragraphs 83 and, therefore, denies said allegations.

7. IWI denies the allegations of paragraphs 80, 81, 82, 85, 86, 87, 88, 89, 90, 99, 101, 102, 103, 104, 105, 106, 107, 116, 118, 119, 120, 121, 122, 123, 124, 125, and 126 of the Second Amended Complaint as to IWI. IWI is without sufficient information to permit it either to admit or deny the remaining allegations of paragraphs 80, 81, 82, 85, 86, 87, 88, 89, 90, 99, 101, 102, 103, 104, 105, 106, 107, 116, 118, 119, 120, 121, 122, 123, 124, 125, and 126 and, therefore, denies said allegations.

8. IWI incorporates by reference its responses to paragraphs 1 though 107, inclusive, as though fully set forth herein.

9. The allegations contained in Paragraphs 127 through 222 of the Second Amended Complaint, inclusive, are not directed to IWI and, therefore, no response is required. If it is determined that an answer to any of these paragraphs is required by IWI, IWI denies the allegations.

10. IWI denies each and every allegation, matter or thing contained in the Second Amended Complaint, express or implied, not expressly admitted herein and demands strict proof thereof.

**DEFENSES**

(Failure to State a Claim)

1. Plaintiff's First Amended Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

(Commercially Lawful Transaction)

2. At all times, defendant acted in a commercially reasonable and lawful manner.

(Failure to Protect Its Rights)

3. Plaintiff failed to protect and/or enforce its alleged rights.

4. The alleged damages sustained by plaintiff, if any, are the proximate result of the acts and/or omissions of parties over which Defendant exercised no control.

5. Plaintiff alleges that it had transferred ownership in some of the Works to one or more of the Defendants. Because Plaintiff is not the current copyright owner of some of the Works, it has no standing to assert any claims of infringement against IWI concerning such Works.

6. Plaintiff had transferred ownership in some of the Works and therefore, Plaintiff had forfeited its rights in such Works.

7. Because Plaintiff had transferred ownership in some of the Works, Plaintiff abandoned its rights in such Works.

8. Plaintiff granted IWI an express license to copy and distribute the Works, and such license was of unlimited duration and was not revoked by the Plaintiff.

9. Plaintiff granted IWI an implied license to copy and distribute the Works, and such license was of unlimited duration and was not revoked during applicable times by the Plaintiff.

10. The statute of limitations of three years for copyright infringement precludes Plaintiff from asserting any rights in the Works.

11. Plaintiff states that it was aware of Defendant IWI's copying and distribution of the Works, but Plaintiff failed to stop any such activity; this constitutes laches.

1    12.   Plaintiff states that it was aware of Defendant IWI's copying and distribution of the Works, but Plaintiff failed to stop any such activity; this constitutes waiver.

13.   Plaintiff states that it was aware of Defendant IWI's copying and distribution of the Works, and so Plaintiff is estopped from claiming infringement in the Works by IWI.

14.   Plaintiff states that it was aware of Defendant IWI's copying and distribution of the Works, and so Plaintiff acquiesced to Defendant IWI's activities.

15.   To the extent Defendant IWI is found liable for infringement, IWI is an innocent infringer under 17 U.S.C. 504(c)(2).

**WHEREFORE**, Defendant, InnerWorkings, Inc. prays that the Second Amended Complaint be dismissed with costs, that Defendant IWI recover from Plaintiff its reasonable attorney fees and costs, and that Defendant, InnerWorkings, Inc., have such other and further relief as to the Court may seem just.

Dated:  March 8, 2013         **LAW OFFICE OF FRANK A. KONECNY**

By:   *s/Frank A. Konecny*
      Frank A. Konecny
      Attorney for Defendant InnerWorkings, Inc.

Dated:  March 8, 2013         **BRYAN CAVE LLP**
                              TIMOTHY M. REYNOLDS
                              JONATHAN G. FETTERLY
                              LOUISE D. NUTT

By:   */s/ Timothy M. Reynolds*
      Timothy M. Reynolds
      Attorneys for Defendants Innerworkings, Inc., The Richard Dawkins Foundation for Reason and Science, Richard Dawkins Foundation Store, Clinton Richard Dawkins, Robin Elisabeth Cornwell and Michael Cornwell

4
ANSWER TO SECOND AMENDED COMPLAINT