Timothy M. Reynolds (Pro Hac Vice)
timothy.reynolds@bryancave.com
BRYAN CAVE LLP
1801 13th Street, Suite 300
Boulder, CO 80302
T: (303) 417-8510/ F: (303) 866-0200

Jonathan G. Fetterly (CA State Bar No. 228612)
jon.fetterly@bryancave.com
Louise D. Nutt (CA State Bar No. 273130)
BRYAN CAVE LLP
120 Broadway, Suite 300
Santa Monica, CA 90401-2386
T: 310-576-2100/ F: 310-576-2200

Attorneys for Defendants Innerworkings, Inc.,
The Richard Dawkins Foundation for
Reason and Science, Richard Dawkins
Foundation Store, Clinton Richard Dawkins,
Robin Elisabeth Cornwell and Michael Cornwell

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UPPER BRANCH PRODUCTIONS, INC., a California corporation, <br><br> Plaintiff, <br><br> v. <br><br> INNERWORKINGS, INC., an Illinois corporation; *et al.* <br><br> Defendants. | Case No.: CV12-8789 MWF (RZx) <br><br> Hon. Michael W. Fitzgerald <br><br> DEFENDANTS' RESPONSE TO PLAINTIFF'S EVIDENTIARY OBJECTIONS <br><br> Date: April 22, 2013 <br> Time: 10:00 a.m. <br> Location: Courtroom 1600 |

1  Defendants hereby respond to the evidentiary objections of Plaintiff Upper
2  Branch Productions, Inc. to the Declaration of Jonathan Fetterly filed in support of
3  Defendants' Motion to Dismiss the Second Amended Complaint.

**Objection No. 1:** Fetterly Declaration, paragraph 3, pg. 1, lines 14-19, Exhibit A.

"In connection with the State Court Action, Upper Branch produced documents to the Foundation and Professor Dawkins, some of which are identified and referenced in Upper Branch's Second Amended Complaint ("SAC") in this action. These documents bear the Bates stamp identifier "DEF0000xx". True and correct copies of the documents produced by Upper Branch in the State Court Action that are identified and referenced in the SAC in this action are attached as **Exhibit A**."

**Grounds for Objection:** Lack of personal knowledge (F.R.E. § 602); lack of authentication (F.R.E. § 901); lack of foundation (F.R.E. § 602); hearsay (F.R.E. §§ 801, 802); misleading (F.R.E. § 403).

**RESPONSE:**

The documents attached as Exhibit A are complete copies of the documents (emails) cited and relied upon by Plaintiff in the SAC. The SAC expressly identifies documents by bates number, date, and time (among other ways), and there can be no genuine dispute that the documents submitted by Defendants are copies of the documents referenced in Plaintiff's SAC as they contain the same bates numbers, dates, and times and other identifying information. Nor does Plaintiff argue that the documents are not the same. Plaintiff's objections should be overruled.

Certain written instruments attached to pleadings may be considered part of the pleadings. *See* Fed. R. Civ. P. 10(c). Even if a document is not attached to a complaint, it may be incorporated by reference into a complaint if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim. *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005); *U.S. v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003); *In re Silicon Graphics Inc. Sec. Litig.*, 183 F.3d 970, 986 (9th Cir.

1999). "The defendant may offer such a document, and the district court may treat such a document as part of the complaint, and thus may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6)." *Ritchie*, 342 F.3d at 908. The Ninth Circuit has applied the incorporation by reference doctrine to situations where a plaintiff's claim about insurance coverage was based on the contents of a coverage plan (see *Parrino v. FHP, Inc.* 146 F.3d 699, 706 (9th Cir. 1998), and where a plaintiff's claim about stock fraud was based on the contents of SEC filings (see *In re Silicon Graphics Secs. Litig.*, 183 F.3d at 986).

The incorporation by reference doctrine requires that the authenticity of the document not be in dispute. *See Knievel*, 393 F.3d at 1076. To satisfy the requirements of authenticating or identifying an item of evidence, the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is. F.R.E. 901(a).

Here, the Court can and should consider the documents attached as Exhibit A when ruling on the Motion because the SAC refers to these documents extensively, and they form the basis of Plaintiff's SAC. *See Knievel*, 393 F.3d at 1076 (even if a document is not attached to a complaint, it may be incorporated by reference into a complaint if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim).

Further, there can be no genuine dispute as to the authenticity of these documents because the SAC expressly identifies each document with sufficient detail to support a finding that Defendants' proffered documents are the same documents referenced in Plaintiff's SAC. Specifically, the SAC establishes the foundation as to each document by, among other things:

    1) identifying the name and email address of the author;

    2) identifying the name and email address of the recipient;

    3) identifying the date and time the document was sent and/or received;

    4) quoting select excerpts from the document; and

5) identifying the bates number used to identify the document in prior litigation between Plaintiff and Defendants.

Plaintiff does not contend (and cannot contend) that the documents attached as Exhibit A are not the documents identified in the SAC. Thus, there is no genuine dispute regarding the authenticity of these documents, as the SAC provides the foundation necessary for the Court to consider them and accept their contents as true. *See F.R.E.* 901(a); *Ritchie*, 342 F.3d at 908 ("[T]he district court may treat such a document as part of the complaint, and thus may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6)").

Plaintiff purports to object to the submission of these documents stating: "to the extent Defendants rely on the substance of the attached documents in their moving papers, objections are properly sustained for lack of personal knowledge, lack of foundation, and hearsay insofar as the emails constitute out of court statements offer for the truth of the matters asserted." (Dkt. No. 58 at 2:20-24). Plaintiff misses the point that its own pleading, the SAC, establishes the necessary foundation for these documents by expressly identifying them and relying upon them in support of Plaintiff's claims. *See Ritchie, supra.* Plaintiff's objections to the documents submitted as Exhibit A are therefore without merit.

Plaintiff's objections to the Fetterly Declaration are also without merit. The Fetterly Declaration does not attempt to provide foundation for the Exhibit A documents based on the declarant's personal knowledge of their contents, nor does it need to. The Fetterly Declaration merely establishes that the documents submitted in Exhibit A are, according to their bates numbers, the same documents identified and referenced in the SAC. As counsel for Defendants, Mr. Fetterly is capable of making this limited declaration because these documents were either produced or received by the Foundation in prior litigation between it and Plaintiff. The declaration need not provide further foundation for the documents because, as discussed, the SAC establishes sufficient foundation for them.

3

DEFENDANTS' RESPONSE TO PLAINTIFF'S EVIDENTIARY OBJECTIONS

Finally, there is no merit to Plaintiff's objection that the documents are misleading because Defendants did not submit all documents produced in the underlying litigation. Defendants submitted the documents identified and relied upon by Plaintiff in the SAC.

The documents identified as Exhibit A are properly submitted before the Court, the Court can and should consider them when ruling on the Motion, and Plaintiff's objections should be overruled.

**Objection No. 2:** Fetterly Declaration, paragraph 4, ps. 1, line 20-26; Exhibit B.

"In connection with the State Court Action, the Foundation and Professor Dawkins produced documents to Upper Branch, some of which are identified and referenced in Upper Branch's SAC in this action. These documents bear the Bates stamp identifier "RDFRS, et al. DOX 1 0000xx". True and correct copies of the documents produced by the Foundation and Professor Dawkins in the State Court Action that are identified and referenced in Upper Branch's SAC in this action are attached as **Exhibit B**."

**Grounds for Objection:** Lack of personal knowledge (F.R.E. § 602); lack of authentication (F.R.E. § 901); lack of foundation (F.R.E. § 602); hearsay (F.R.E. §§ 801, 802); misleading (F.R.E. § 403).

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

**RESPONSE:**

The documents submitted as Exhibit B are properly before this Court, and Plaintiff's objections should be overruled, for the same reasons stated above with respect to the documents submitted as Exhibit A. Defendants therefore incorporate by reference their response to Objection 1, which applies equally here.

Dated: April 8, 2013

BRYAN CAVE LLP
TIMOTHY M. REYNOLDS
JONATHAN G. FETTERLY
LOUISE D. NUTT

By: /s/ Jonathan G. Fetterly
     Jonathan G. Fetterly

# PROOF OF SERVICE
## 1013 A(3) CCP REVISED 5/1/88

STATE OF CALIFORNA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 120 Broadway, Santa Monica, CA 90401.

On April 8, 2013, served the foregoing document described as **DEFENDANT'S RESPONSE TO PLAINTIFF'S EVIDENTIARY OBJECTIONS** on the interested parties in this action as follows:

**SEE ATTACHED SERVICE LIST**

☐ BY MAIL: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Santa Monica, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ BY FACSIMILE: I communicated such document via facsimile to the addressee as indicated on the attached service list.

☒ BY OVERNIGHT DELIVERY SERVICE: I caused said document to be sent via Overnite Express to the addressee as indicated on the attached service list.

☒ BY ELECTRONIC MAIL: I caused the above-referenced document to be served to the addressee on the attached service list via CM/ECF.

Executed on April 8, 2013, at Santa Monica, California.

X (FEDERAL) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Geri Anderson

## SERVICE LIST

*By Overnight Delivery Service*

Alan Abrams, Esq.  *Attorney for Plaintiff*
COSTA, ABRAMS & COATE, LLP
1221 Second Street, Third Floor  Telephone: (310) 576-6161
Santa Monica, CA 90401  Facsimile: (310) 576-6160

*By ECF*

Frank A. Konecny  *Attorney for Defendant, Inner Workings*
Law Offices of Frank A. Konecny
550 Montgomery Street, Suite 200  Telephone: (415) 398-7888
San Francisco, CA 94111  Facsimile: (650) 365-1095
  Email: faklaw@sbcglobal.net

Mailing Address: P.O. Box 2621
Menlo Park, CA 94026-2621